UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| STEPHEN C. GURNEY, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) 2:24-cv-00262-NT |
| | ) |
| KEVIN J. JOYCE, et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION AFTER REVIEW OF COMPLAINT**

Plaintiff filed a complaint and an application to proceed without prepayment of fees, which application the Court granted. (Complaint, ECF No. 1; Application, ECF No. 6; Order, ECF No. 7.) Plaintiff named the Cumberland County Jail[1] and Sheriff Kevin Joyce as defendants.

In accordance with the governing statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

---

[1] Although the jail is not a proper party to this action, the Court can reasonably construe Plaintiff's allegations as an attempt to assert a claim against Cumberland County. *See Collins v. Kennebec County Jail*, 2012 WL 4326191, at *3 (D. Me. May 31, 2012) ("The Kennebec County Jail is not a governmental entity or a proper party defendant to this lawsuit. It is a building.").

Following a review of Plaintiff's allegations, I recommend the Court dismiss the complaint, unless Plaintiff amends the complaint to allege a claim against the named defendants or defendants to be joined in this action.

## FACTUAL ALLEGATIONS

Plaintiff alleges that while incarcerated at Cumberland County Jail, he developed an infection in his finger requiring medical attention. Plaintiff was administered antibiotics to treat the infection and ultimately underwent a surgical procedure. Plaintiff alleges the Cumberland County Jail delayed providing or arranging for the necessary treatment despite his repeated demands for treatment. Plaintiff also alleges that he was provided the incorrect antibiotics, which error caused the infection to damage a tendon in his finger. As a result, Plaintiff cannot move the finger. Plaintiff also asserts that has not received the physical therapy necessary for his recovery.

## LEGAL STANDARD

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding pursuant to the statute, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

## DISCUSSION

Plaintiff's complaint could be construed as an attempt to assert a violation of the Eighth Amendment to the U.S. Constitution under 42 U.S.C. § 1983. Section 1983 "'is not

itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

A.   **Claim Against Cumberland County**

Because a municipality or county is not automatically liable for a constitutional deprivation that arises from the conduct of entity's employees, Plaintiff must demonstrate that the municipality or county itself bears responsibility for the constitutional deprivation. *Rodriguez-Garcia*, 610 F.3d at 769 (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). "[L]iability attaches to a municipality under § 1983 'only if the violation occurs pursuant to an official policy or custom.'" *Id.* (quoting *Welch v. Ciampa,* 542 F.3d 927, 941 (1st Cir. 2008)). Here, Plaintiff has not asserted any facts to suggest that the alleged conduct was the result of an official policy or custom. Plaintiff thus has not alleged an actionable claim against Cumberland County.

B.   **Claim Against Sheriff Joyce**

Plaintiff does not explicitly assert whether he has joined Sheriff Joyce in his official capacity as Cumberland County Sheriff or in his individual capacity. When a plaintiff does not specify if a defendant is sued in his or her individual or official capacity, the First Circuit applies the "course of proceedings" test under which "courts may examine 'the substance of the pleadings and the course of proceedings in order to determine whether the suit is for individual or official capacity.'" *Powell v. Alexander*, 391 F.3d 1, 22 (1st Cir. 2004) (quoting *Pride v. Does*, 997 F.2d 712, 715 (10th Cir. 1993)). In this case, because

Plaintiff has not alleged an actionable claim against Sheriff Joyce in either capacity, the Court does not have to assess the course of the proceedings.

"A suit against a public employee in his official capacity is a suit against the individual's employer. . . ." *Calvi v. Knox County*, 470 F.3d 422, 430 n.5 (1st Cir. 2006) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)).  A suit against Sheriff Joyce in his official capacity, therefore, is an action against Cumberland County.  As discussed above, Plaintiff has not alleged an actionable claim against Cumberland County.

The Eighth Amendment prohibition on cruel and unusual punishments governs prisoners' treatment after conviction, and the Due Process Clause of the Fourteenth Amendment imposes similar obligations while prisoners are in pre-trial custody.  *See City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 243 (1983).  "Prison officials have a duty to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates."  *Giroux v. Somerset Cnty.*, 178 F.3d 28, 31 (1st Cir. 1999) (citations and quotation marks omitted).  To establish constitutional liability on an individual capacity claim, a plaintiff must satisfy an objective standard by showing he or she was "incarcerated under conditions posing a substantial risk of serious harm," and a plaintiff must satisfy a subjective standard by showing that the defendant "acted, or failed to act, with 'deliberate indifference to inmate health or safety.'"  *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834).

The objective standard evaluates the seriousness of the risk of harm.  There must be "a sufficiently substantial 'risk of serious damage to [the inmate's] future health.'"

*Farmer*, 511 U.S. at 843 (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). A medical need is "serious" if it has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would recognize a need for medical intervention. *Leavitt*, 645 F.3d at 497; *Gaudreault v. Mun. of Salem*, 923 F.2d 203, 208 (1st Cir. 1990), *cert. denied*, 500 U.S. 956 (1991)). The subjective standard concerns the culpability of the defendant. Deliberate indifference is akin to criminal recklessness, "requiring actual knowledge of impending harm, easily preventable." *Feeney v. Corr. Med. Servs.*, 464 F.3d at 162 (quoting *Watson v. Caton*, 984 F.2d 537, 540 (1st Cir. 1993)). The focus of the deliberate indifference analysis "is on what the jailers knew and what they did in response." *Burrell v. Hampshire Cnty.*, 307 F.3d 1, 8 (1st Cir. 2002).

Here, although Plaintiff has conceivably alleged facts sufficient to support an Eighth Amendment claim against the individuals with whom he interacted regarding his medical condition, Plaintiff has not alleged that Sheriff Joyce was personally involved in the alleged delay in treatment or in the alleged mistreatment. *See Hall v. CSP-Los Angeles*, Case No. CV 16-6216-RGK (KES), 2017 WL 2060011, at *4 (C.D. Cal. Feb. 15, 2017) (stating that mistakenly providing incorrect medication does not violate a prisoner's Eighth Amendment rights). Similarly, Plaintiff does not allege that Sheriff Joyce was aware of Plaintiff's need for physical therapy. Plaintiff thus has not alleged an Eighth Amendment claim against Sheriff Joyce.

## CONCLUSION

Based on the foregoing analysis, following a review of Plaintiff's complaint in accordance with 28 U.S.C. §§ 1915 and 1915A, unless within fourteen days of this

6

Recommended Decision, Plaintiff amends his complaint to allege an actionable claim against the named defendants or defendants to be named, I recommend the Court dismiss the complaint.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 16th day of October, 2024.